COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS                    SUPERIOR COURT DEPT.
                                 CIVIL ACTION NO. CV-081729


ROBIN M RYAN

Plaintiff,

v.

AMERICAN EXPRESS TRAVEL RELATED SERVICES INC.

Defendant.

## COMPLAINT

### PARTIES

1. The plaintiff, Robin M Ryan is an individual residing at 2 Manila Avenue, Amesbury, MA.

2. The defendant, American Express Travel Related Services is a corporation with a principal place of business located at 340 Great Road, Acton, Massachusetts and 777 American Expressway, Ft. Lauderdale, Florida.

### INTRODUCTION TO THE FACTUAL ALLEGATIONS

1. The plaintiff, Robin M Ryan entered into two separate settlement agreement with the defendant for claims involving fraud, harassment, erroneous credit reporting.

2. The first settlement agreement between the parties was dated March 16, 2007.

3. The second settlement agreement between the parties was dated November 6, 2007. This settlement agreement was necessary because the defendants breached the first settlement agreement.

4. On January 3, 2008 the plaintiff sent the defendants a 93-A notice for breaching the

second settlement agreement including the willful and wanton damage to plaintiffs credit history and score.

5. To date, the defendant has failed and or refused to take corrective action to properly delete the false and derogatory information they have been submitting to the credit bureaus for the past nine months.

6. The defendants erroneously asserted that the plaintiff owes a balance on an AMEX account(s) in April 2007. The plaintiff had closed said account over twelve years ago and disputed owing any balance at that time due to incorrect charges made to said account(s).

7. In April 2007, the defendant contacted the plaintiff by asserting that the plaintiff owed a balance of $7432.50 and proceeded to fraudulently re-age the account and then submitted the derogatory information to the credit bureaus in March 2007. This disparaging information is being reported to the credit bureaus to date.

8. The defendant has failed and or refused to provide any answer to the plaintiff's 93-A Demand letter dated January 3, 2008. Due to the defendant's bad faith and unlawful actions the plaintiff is forced to commence legal this legal action.

## COUNT I

Robin M Ryan v. American Express Travel Related Services Inc.

### Negligent Material Misrepresentation

9. The plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 8 inclusive with the same force and effect as if expressly set forth herein.

10. Defendant unlawfully misrepresented that a current open past due account is owed to them by the plaintiff in April 2007. This information was sent to all three major credit reporting agencies in March 2007. The defendant sent the erroneous and derogatory information to the credit bureaus before contacting the plaintiff.

11. Defendant engaged in deceiving the plaintiff by representing that an error occurred and that the erroneous and derogatory information would be immediately deleted from the plaintiff's credit history in April 2007. The defendant demonstrated reckless negligence with the initial representation that a phone call to the credit bureaus would enable deletion of the trade line within twenty-four hours.

12. Defendant and plaintiff entered into a binding settlement agreement wherein the defendant promised to remove immediately the false information from said credit

bureaus.

WHEREFORE, the plaintiff prays that this Honorable Court:

(i)   Under Count I enter judgment against the defendant in such an amount that the proof at trial shall show;
(ii)  Award the plaintiff's prejudgment interest and costs; and
(iii) Grant such other and further relief as this Court deems just and proper.

## COUNT II

Robin M Ryan v. American Express travel Related Services Inc.

### Fraud

13. The plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 12 inclusive with the same force and effect as if expressly set forth herein.

14. The defendant engaged in outright fraud by representing to the three national credit bureaus that the plaintiff has a current and valid debt that is past due.

15. The defendant knowingly and willfully misrepresented their true intentions to the plaintiff. The defendant refused to honor the two separate settlement agreements and remove the derogatory information from the plaintiff's credit file.

16. The defendant further engaged in fraud by deceiving the plaintiff by fraudulently representing in writing that the plaintiff's credit history and score would not be negatively impacted by reporting a defaulted payment history because the information could and would be removed upon notice within twenty-four hours. The fact is that the defendant knowingly and willing ruined the plaintiffs credit rating. The plaintiff disputed owing on any account with the defendants.

17. The defendant willfully and fraudulently reported the plaintiff defaulted on the account after having ample time to remove the information from the plaintiff's credit file.

WHEREFORE, the plaintiff prays that this Honorable Court:

(i)Under Count II, enter judgment against the defendant in such an amount as the proof at trail shall show;
(ii) Award the plaintiff prejudgment interests and costs; and
(iii) Grant such other and further relief as this Court deems just and proper.

## COUNT III

Robin M Ryan v. American Express Travel Related Services Inc.

### Breach Of Contract

18. The plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17 inclusive with the same force and effect as if expressly set forth herein.

19. The defendant represented to the plaintiff on numerous occasions that the unlawfully re-aged account would be deleted from the plaintiff's credit history and file within a twenty-four hour period. The defendant had sufficient notice and opportunity to remove the erroneous information. The defendant cannot defend their actions by saying state and or federal laws give thirty to sixty days to remove the information after being notified of the error. The fact is the defendant never made any attempt to remove the said information at any time. The defendant is held to a different time line and standard due to the fact that there were numerous correspondences and agreements between the parties. The defendants were on notice well beyond the time allowed by law to remove the trade line and failed to do so.

20. The defendant failed and or refused to honor their contractual obligations with the plaintiff. The facts clearly demonstrate that the defendant reneged on said agreements and representations. The defendant assumed any and all liability and accountability for subsequent damages they caused the plaintiff. The plaintiff is entitled to further relief for the defendants blatant and willful disregard to honor their statutory and contractual obligations to the plaintiff.

WHEREFORE, the plaintiff prays that this honorable Court:

(i) Under Count III, enter judgment against the defendant in such an amount as the proof at trial shall show;
(ii) Award the plaintiff prejudgment interest and costs; and
(iii) Grant such other and further relief as this Court deems just and proper.

## COUNT IV

Robin M. Ryan v. American Express Travel Related Services Inc.

### Negligence

21. The plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20 inclusive with the same force and effect as if expressly set forth herein.

22. The defendant is negligent for failing to honor all representations made to the

plaintiff. These representations include that the plaintiff would in fact not be compromised or suffer any further harm by the actions of the defendant.

23. The defendant's negligence does not end with the promise to delete the trade line. The defendants represented a promise to keep the plaintiff credit history and score from any further injury by reporting negative information. The defendant abandoned the plaintiff with reckless disregard.

24. The defendants have neglected their statutory obligations as well as their moral duty to honor the representations they agreed to.

25. The defendants have engaged in further and subsequent negligence by reporting the account as defaulted and or in charge off status to the credit reporting agencies. The defendants have had formal notice provided to them and to date no corrective action has been taken by the defendant.

WHEREFORE, the plaintiff prays that this Honorable Court:

(i) Under Count IV enter judgment against the defendant in such an amount as the proof at trial shall show,
(ii) Award the plaintiff prejudgment interest and costs; and
(iii) Grant other and such relief that this Court deems just and proper.

## COUNT V

Robin M Ryan v. American Express Travel Related Services Inc.

### Libel

26. The plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25 inclusive with the same force and effect as if expressly set forth herein.

27. The defendant engaged in fraud by falsely misrepresenting to the national credit reporting agencies that the plaintiff's defaulted on said account. The defendant with intentional malice published statements that slandered and libeled the plaintiff. The derogatory and inflammatory statements that were made are: that plaintiff owes on a credit account that is past due, said account is in default. These statements were meant to intentionally harm and malign the plaintiffs' reputation. The direct result of these statements have caused the plaintiff harm and financial damage. The defendant's misrepresentations in writing have caused the plaintiff to suffer damages. These damages include but are not limited to: infliction of emotional distress, loss of revenue, loss of advantageous relations, interference with advantageous contractual relations and injury to credit history and credit score.

WHEREFORE, the plaintiff prays that this Honorable Court:

    (i)      Under Count V, enter judgment against the defendant in such an amount as the proof at trial will show;
    (ii)     Award the plaintiff prejudgment interest and costs and;
    (iii)    Grant such other and further relief as this Court Deems just and proper.

## COUNT VI

Robin M Ryan v. American express Travel related Services Inc.

### Violations Of Unfair Credit Reporting

27. The plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 26 inclusive with the same force and effect as if expressly set forth herein.

28. The defendant did knowingly and willfully engage in violating Massachusetts laws on fair credit reporting. The defendant intentionally set forth to ruin the plaintiffs credit history and score. These deceptive and unfair acts have affected the plaintiffs credit standing. The defendant has had prior notice that the account was fraudulently re-aged and disputed by the plaintiff.

29. The defendant defied their own promises to remove the derogatory information from the plaintiff's credit file and or history. On several occasions the defendant represented in writing that the plaintiff's credit history on said account would be removed and that no credit reporting would occur again. To date the defendant has failed and or refused to take this corrective action.

WHEREFORE, the plaintiff prays that this Honorable Court:

    (i)      Under Count VI, enter judgment against the defendant in such an amount as the proof at trial will show;
    (ii)     Award the plaintiff prejudgment interest and costs;
    (iii)    Grant other and further relief as this Court deems just and proper.

## COUNT VII

Robin M Ryan v. American Express Travel Related Services Inc.

### 'Violation of G.L. c. 93A

30. The plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29 inclusive with the same force and effect as if expressly set forth herein.

31. The plaintiff has suffered substantial injury and loss as a result of the defendant's negligence, and liability relative to these incidents was more than reasonably clear.

32. Nevertheless, the defendant in this action have failed and refused to make a reasonable settlement offer.

33. The defendant is engaged in trade or commerce within the meaning of G.L.c. 93A, §1.

34. The acts and practices alleged herein this Complaint constitute unfair and deceptive acts or practices in violation of G.L. c. 93 A, §§ 2, 9, 24b, 25, 27, 28, 49, 61, 66A 67 and G.L. c. 176D.

35. The defendant use or employ said acts or practices that are a willful or knowing violation of G.L. c. 93A.

36. On January 3, 2008 the plaintiff sent a written demand for relief to the defendant American Express Travel Related Services Inc. as required by G.L. c. 93A §9. A copy of the letter is attached as Exhibit A.

37. Said written demand for relief alleged that the defendant is in violation of G.L. c. 93 A and c. 176D as a result of the unfair, improper and deceptive handling of the plaintiff's claims, said claims include:

    (1) "Failing to acknowledge and act reasonably and promptly upon communications with respect to claims arising out of unfair and deceptive business practices".

    (2) "Refusing to settle claims without conducting a reasonable investigation upon all available information" G.L. c. 176D, §3(9)(d).

    (3) "Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear" G. L. c. 176D, §3(9)(f).

38. As a direct result of the foregoing acts and conduct the named defendant, the plaintiff has suffered damages.

WHEREFORE, the plaintiff prays that this Honorable Court:

(i) Determine the value of the damages the plaintiff has suffered as the result of the actions and conduct of the named defendant in this Complaint engaged in and enter judgment on behalf of the plaintiff;

(ii) Determine the value of damages the plaintiff has suffered as a result of all named defendant's actions and enter judgment on behalf of the plaintiff in an amount up to three times, but not less than two times such value, pursuant to the provisions of G. L. c. 93A;

(iii) Grant such other and further relief as this honorable Court deems just and proper.

JURY DEMAND

The plaintiff demands a trial by jury to all Counts of this Complaint.

Dated April 24, 2008

Robin M Ryan pro se
2 Manila Ave Amesbury, MA 01913
978-504-9301

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

Robin Meyer, Plaintiff(s)

v.

American Express Travel Related Services Inc, Defendant(s)

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Robin Meyer pro se, plaintiff's attorney, whose address is 2 Manula Ave, Amesbury Ma 01913, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Middle Sex Superior Court 200 Trade Center Woburn, Ma 01801 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at Middle Sex Superior Court the Sixth day of May 2008 in the year of our Lord 5/6/2008

_____ Clerk

NOTES.
1 This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2 When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ... May 6th ...
20 .08... I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

By Mail to Defendant Counsel as per the Defendants Request

Dated ... 5/6 ... 20. 08

**N.B. TO PROCESS SERVER:**
   PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
   ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

5/6 ... 20 08

---

COMMONWEALTH OF MASSACHUSETTS
MIDDLESEX

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

Plff ... Robin Rhyne
Deft ... American Express
Travel Related Services Inc.

SUMMONS
(Mass. R. Civ. P. 4)